PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>       v.<br><br>GILDARDO BARRIOS (a.k.a. Edgar Munguia),<br>MARISA MUNGUIA,<br>MARIA DOLORES BARRIOS-ALVAREZ<br><br>              Defendants. | CASE NO.  2:19-CR-177-JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: December 14, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

This case was set for a status conference on December 14, 2021, for defendant Maria Barrios-Alvarez.  Her co-defendant, Gildardo Barrios has a status conference set in this matter for January 11, 2022.   Mr. Barrios had anticipated entering a change of plea on November 16, 2021, but that hearing proceeded instead as a status conference, at which the Court continued the matter to January 11, 2022, with time excluded under Local Code T4.

Maria Barrios-Alvarez now requests that the Court continue her December 14, 2021 status conference to January 11, 2022, and to exclude time under Local Code T4 as well under the Court's General Orders, for the reasons set forth below.

Defendant Marisa Munguia has entered a guilty plea and been sentenced in this case.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

1    Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

2    continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

3    address public health concerns related to COVID-19.

4         Although the General Orders address the district-wide health concern, the Supreme Court has

5    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

6    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

7    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

8    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

9    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

10   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

11   or in writing").

12        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13   and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

14   continuances are excludable only if "the judge granted such continuance on the basis of his findings that

15   the ends of justice served by taking such action outweigh the best interest of the public and the

16   defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

17   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

18   ends of justice served by the granting of such continuance outweigh the best interests of the public and

19   the defendant in a speedy trial."  *Id.*

20        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

21   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

22   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

23   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

24   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

25   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

26   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

27   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

28   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

1   In light of the societal context created by the foregoing, this Court should consider the following

2   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3   justice exception, § 3161(h)(7) (Local Code T4).[1]   If continued, this Court should designate a new date

4   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5   pretrial continuance must be "specifically limited in time").

6   **STIPULATION**

7   Plaintiff United States of America, by and through its counsel of record, and defendant, by and

8   through her counsel of record, hereby stipulate as follows:

9   1.        By this stipulation, the defendant, Maria Barrios-Alvarez now moves to continue the

10   December 14, 2021 status conference to January 11, 2022, and to exclude time between December 14,

11   2021, and January 11, 2022, under Local Code T4, in addition to the exclusion of time the Court has

12   already ordered in light of public health concerns cited by the Court's General Orders.

13   2.        The parties agree and stipulate, and request that the Court find the following:

14   a)        The government has produced discovery in this matter including investigative

15   reports, photographs, and laboratory reports.  The government has also made available to the

16   defense audio and video recordings.

17   b)        Counsel for defendant will need additional time to review the discovery.  Defense

18   counsel will also need time to review the current charges, to investigate and conduct research

19   related to the current charges, and to discuss potential resolutions with his client, to prepare

20   pretrial motions, and to otherwise prepare for trial.

21   c)        Counsel for defendant believes that failure to grant the above-requested

22   continuance would deny him the reasonable time necessary for effective preparation, taking into

23   account the exercise of due diligence.

24   d)        The government does not object to the continuance.

25   e)        Based on the above-stated findings, the ends of justice served by continuing the

26   case as requested outweigh the interest of the public and the defendant in a trial within the

27

28   [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  original date prescribed by the Speedy Trial Act.

2      f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

3  et seq., within which trial must commence, the time period of December 14, 2021, to January 11,

4  2022, inclusive, is deemed excludable pursuant to this Court's General Orders, due to the public

5  health concerns created by the COVID-19 pandemic, as well to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

6  [Local Code T4] because it results from a continuance granted by the Court at defendant's

7  request on the basis of the Court's finding that the ends of justice served by taking such action

8  outweigh the best interest of the public and the defendant in a speedy trial.

9      3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

10  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

11  must commence.

12      IT IS SO STIPULATED.

13  Dated:  December 10, 2021                    PHILLIP A. TALBERT
14                                              Acting United States Attorney

15                                              /s/ JAMES R. CONOLLY
                                                JAMES R. CONOLLY
16                                              Assistant United States Attorney

17

18  Dated:  December 10, 2021                    /s/ CLEMENTE JIMENEZ
                                                CLEMENTE JIMENEZ
19                                              Counsel for Defendant
                                                MARIA DOLORES BARRIOS-ALVAREZ
20

21

22                              **FINDINGS AND ORDER**

23      IT IS SO FOUND AND ORDERED this 10th day of December, 2021.

24

25                                              /s/ John A. Mendez
                                                THE HONORABLE JOHN A. MENDEZ
26                                              UNITED STATES DISTRICT COURT JUDGE

27

28